IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

**THOMAS W. ELLIS,**
        Petitioner,

        CIVIL ACTION NO.: _____

        CRIMINAL NO. 3:10-cr-00131-001

v.

**UNITED STATES OF AMERICA,**
        Defendant.

_____

**MEMORANDUM OF SUPPORTING FACTS**
_____

**COMES NOW**, the Petitioner Thomas W. Ellis, by counsel, and **REQUESTS** this Honorable Court to grant the relief requested in the instant action under 28 U.S.C. §2255. Petitioner is alleging one claim of ineffective assistance of counsel with two separate arguments. Petitioner is alleging that his counsel provided ineffective assistance of counsel for: (1) failing to present mitigation at sentencing based on an alleged representation made by the Honorable Judge Henry Hudson without discussing this decision with his client. (2) Counsel told the Petitioner that he would receive no more time than his wife/co-defendant. (a year and a day).

On April 23, 2010, a criminal information was filed against Thomas W. Ellis and Brenda W. Ellis alleging that they had conspired to commit tax fraud in violation of 18 U.S.C. §371. (Minute Entry #1). On May 3, 2010, the matter came on for a bond hearing before Magistrate Judge M. Hannah Lauck. Both parties were released on personal recognizance bonds. (Minute

1

Entry #2). Thomas W. Ellis pled guilty to the information on May 3, 2010 before District Judge Henry E. Hudson pursuant to a plea agreement. (Minute Entry #8). A waiver of indictment, a plea agreement and a statement of facts were filed May 3, 2010. (Minute Entries 9, 10, 11). An Order for sentencing was entered on that date setting it for July 30, 2010 (Minute Entry 12). On July 30, 2010, the Petitioner was sentenced to 18 months incarceration, 3 years supervised probation, a fine of $3,000.00 and a special assessment of $100.00. He was to self-report to the Bureau of Prisons on January 17, 2012 or earlier if ordered to do so (Minute Entry 19). A signed sealed statement of reason as to Thomas W. Ellis was entered by District Judge Henry E. Hudson on August 2, 2010 (Minute Entry 24).

## STATEMENT OF FACTS

Mr. Ellis (hereinafter petitioner) was represented by Brian Grossman and Guy C. Crowgey throughout the proceedings. Prior to sentencing, Mr. Grossman and/or Mr. Crowgey interviewed five potential witnesses for mitigation: Mr. Rick Newman, Commonwealth's Attorney for the City of Hopewell, Virginia; Larry Catlett, a prominent local attorney, John Cannaday, a United States courtroom bailiff for Judge Williams, Evan H. Ragsdale, a former delegate in the Virginia House of Delegates and former Henrico Supervisor; Mark Thurston, owner of RRMS Services, an electric company, and finally Tommy Beck, former owner of Falling Creek R.V. Sales and Pleasure Marine, present owner of Beck Excavating Company and Beck Tire & Auto Sales. Each one of these witnesses would have testified that they considered Thomas W. Ellis an honest businessman in his dealings with customers and suppliers despite his conviction for tax fraud. While not condoning his crime in any way, they believed that Mr. Ellis supported charities and did not hesitate to consistently help his friends who were in trouble of any type. They also said that they considered his behavior in this instance anomalous with little

likelihood of ever engaging in criminal behavior again. All of these witnesses were present, ready, willing, and able to testify for the defendant on July 30, 2010. Only Evan H. Ragsdale testified. (TR. p. 15). Mr. Grossman only asked him if he felt that the Petitioner would ever commit another crime, to which he replied no. Mr. Crowgey and Mr. Grossman did not call any other witnesses.

Prior to the sentencing, the lawyers for the Petitioner and the lawyer for Brenda W. Ellis entered the Judge's chambers. The Petitioner and his witnesses waited while the attorneys talked to Judge Hudson. When the lawyers returned they were extremely happy and related to the Petitioner and their witnesses that the Judge had said that they were both to be sentenced to a year and a day. Mr. Grossman then said that he was not going to put on any witnesses since he was sure they were going to receive a year and a day, which was their ultimate goal. The Petitioner was told that this sentence was a certainty and accordingly Mr. Ellis did not raise any objections. Mr. Grossman also told the Petitioner that he would not be sentenced to any more time than his wife, the co-defendant. Mr. Larry Catlett heard this and has submitted an affidavit in support of this petition.

As a result, the Petitioner's lawyers called only one witness, Evan H. Ragsdale who testified as indicated above. (TR. p. 15). All of the witnesses who could personally speak to the defendant's good character never testified, and accordingly, the Judge only heard negative remarks about the Petitioner's character from Mr. McGuire. As indicated, this was done without consultation with the Petitioner nor any guarantee that the Petitioner would receive a year and a day. At the conclusion of the case, Judge Hudson sentenced Mrs. Ellis to twelve months in prison and the Petitioner to eighteen months in prison. (TR.pp. 38, 25). Both defendants were

allowed to self-report and were placed on supervised probation in the interim.  The Petitioner's reporting date was subsequently changed to September 8, 2011.

## APPLICABLE CASE LAW FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right "to have the assistance of counsel for his defense," and the United States Supreme Court has recognized that, "the right to counsel is the right to the effective assistance of counsel." McMann v Richardson, 397 U.S. 759, 771 n.14 (1997); and Marzullo v Maryland, 561 F.2d 540 (4th Cir. 1977).  In Strickland v Washington, 466 U.S. 668 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, id., at 687, and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," id., at 688, and (2) that counsel's deficient performance prejudiced the defendant, id., at 694.

In United States v Burkley, 511 F.2d 47, 51 (4th Cir. 1975), the Fourth Circuit stated, "… sentencing is a 'critical stage' at which the right to effective assistance of counsel exists."  See also United States v Johnson, 475 F.2d 1297, 1300 (D.C. Cir. 1973) (defendants were entitled to effective assistance of counsel at sentencing); and Auman v United States, 67 F.3d 157 (8th Cir. 1975) (counsel may commit ineffective assistance of counsel under Strickland by failing to object at sentencing).

Showing that counsel's performance was deficient requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  In showing that the counsel's deficient performance prejudiced the defense requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Id. at 693.  The prejudice element of the Strickland test for ineffective assistance of counsel is satisfied, where counsel's constitutionally deficient performance results in defendant's improper classification as career offender and results in a significantly greater sentence. United States v Kissick, 69 F.3d 1048 (10th Cir. 1995).  With respect to prejudice in the context of noncapital sentencing, the habeas court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been significantly less harsh.

## ARGUMENTS

**GROUND ONE:**  Crowgey and Grossman provided ineffective assistance of counsel 1) for their failure to discuss with Petitioner and failure to put on character witnesses after Judge Hudson purportedly said that the defendants would both receive a year and a day, and 2) for telling Grossman that the Petitioner would be sentenced to no more time than his wife.


**(1) Crowgey and Grossman provided ineffective assistance of counsel for their failure to discuss with Petitioner whether or not to put on character witnesses after Judge Hudson's purported statement.**

Before sentencing on July 30, 2011, Crowgey and Grossman met with Judge Hudson in chambers.  Grossman reported to the Petitioner that Judge Hudson was going to give both

5

defendants a year and a day. He went on to say that because of this he was going to put on a limited mitigation using only one witness. He did not solicit the Petitioner's opinion with respect to this tactic; and subsequently failed to provide available evidence that could have countered the Government's allegations that the Petitioner was nothing but a thief who flouted his tax evasion. Had he put on witnesses, this would have at least shifted the focus from the Governments' allegations of a million dollar boat (that Grossman did not object to) and a life style of the rich and famous to a more rounded view of a man who was a good friend who had lived his life helping others. Grossman did this because of a purported statement by Judge Hudson that was certainly not a guarantee in hindsight. The Petitioner, a lay person had no way of knowing whether or not the statement was a guarantee of some sort because Grossman failed to discuss it with him. If the Court heard from the Petitioner's impressive array of character witnesses this would have given Judge Hudson a more rounded picture of the Petitioner thereby shifting the focus from an evil man to a good man who exercised terrible judgment. As such there is a probability that the Court would have given the Petitioner a less harsh sentence.

**(2) Grossman provided ineffective assistance of counsel when he advised Petitioner that he would receive no more prison time than his wife.**

As indicated, immediately prior to sentencing and after Grossman had heard Judge Hudson's purported statement, the Petitioner asked Grossman if he could get more time than his wife. Grossman replied that he would not get more time than his wife. Again, based on this misinformation, the Petitioner asked no further questions and was satisfied that he would receive a year and a day as his attorney represented. Had he been apprised of the real situation, i.e., that the year and a day was not a guarantee, then he would have pushed Grossman to call his witnesses. As indicated above the witnesses would have focused the Court's attention on the

6

complete person and not just the person who committed the crime. As such there is a probability that the Court would have given the Petitioner a less harsh sentence since the Court had voiced his feeling that this was a year and a day case at least according to Petitioner's counsel.

## CONCLUSION

Petitioner respectfully requests that he be resentenced allowing him to call his mitigation witnesses so that Judge Hudson might have a more complete view of the Petitioner, not just his crime.

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

s/ John F. McGarvey
John F. McGarvey
VSB# 21088
10132 W. Broad Street
Glen Allen, Virginia 23060
804.270.4444
804.747.5576 (fax)
Email: jfmcgarvey@verizon.net

Date: July 11, 2011                                    Counsel for Petitioner


I declare under penalty of perjury that the foregoing is true and correct.


Date: July 8, 2011                                    _____
                                                       Signature of Movant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>David T. Maguire, Esquire
>Office of the United States Attorney
>600 E. Main Street, Suite 1800
>Richmond, VA 23219

>_____/s/_____
>John F. McGarvey, Esquire, VSB #21088
>10132 W. Broad Street
>Glen Allen, VA 23060
>804.270.4444
>804.747.5576/Fax
>jfmcgarvey@verizon.net