**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR131-HEH |
| ) | |
| THOMAS W. ELLIS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
**(Denying 28 U.S.C. § 2255)**

Thomas W. Ellis ("Petitioner"), by counsel, filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The United States has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On April 22, 2010, Petitioner and his wife were charged in a criminal information with conspiracy to evade paying income taxes for the tax years 2003 through 2007. On May 3, 2010, Petitioner and his wife pleaded guilty to the crime charged. Petitioner understood that by pleading guilty he faced up to a five-year sentence. (Plea Agreement ¶ 1.) The Government and Petitioner agreed "that the total amount of tax loss for purposes of relevant conduct under U.S.S.G. Section 2T4.1 [was] $133,163, producing a base offense level of 16." (Statement of Facts ¶ 12.) Both Petitioner and the Government agreed not to ask for a variance or an upward or downward departure. (Plea Agreement ¶ 1.)

Based on his Offense Level of 13[1] and his Criminal History of Category I, Petitioner faced an advisory guideline sentence of between 12 and 18 months. At sentencing, counsel called two witnesses on Petitioner's behalf: Reverend Larry Davis and Buddy Ragsdale. Both Reverend Davis and Mr. Ragsdale testified that they believed Petitioner would never commit this sort of crime again.

The Government argued that Petitioner's conduct warranted a sentence at the high end of the guideline range. The Government noted that the statue of limitations resulted in charges of tax evasion against Petitioner only for the years 2003 through 2009, but his tax evasion stretched back to the early 1990s. (Sent'g Tr. 18; Presentence Report ¶ 6.) Further, the evidence reflected that Petitioner had been using his money to live a fairly lavish lifestyle.[2] Ultimately, the Court sentenced Petitioner to 18 months of imprisonment. (Sent'g Tr. 25.)

The Court sentenced Petitioner's wife to twelve months of imprisonment. (Sent'g Tr. 38.) The Court explained that this lesser sentence was warranted because, "important in this case is I do consider your health conditions. I think they are significant. And I also consider the fact that your husband admits that the scheme was basically hatched by him, even though you were a full participant. So I think all that merits serious consideration." (Sent'g Tr. 37; *see* Presentence Report ¶ 48.)

---

[1] Petitioner received a three-level reduction to his sentence for timely acceptance of responsibility. (Presentence Report ¶ 21.)

[2] Petitioner acknowledged that in addition to his other assets, he owned a boat valued at $250,000.00. (Sent'g Tr. 23.)

The Court allowed Petitioner to serve his sentence after his wife completed service of her sentence. Petitioner is currently set to report to prison on January 17, 2012. (Dk. No. 38.)

On July 14, 2011, Petitioner submitted the present § 2255 Motion wherein he contends that he is entitled to relief because his attorneys, Brian J. Grossman and Guy J. Crowgey, failed to provide effective assistance of counsel at sentencing:

Claim One    "Crowgey and Grossman provided ineffective assistance of counsel . . . for their failure to discuss with Petitioner and failure to put on character witnesses after Judge Hudson purportedly said [Petitioner and his wife] would both receive a year and a day . . . ." (Mem. Supp. § 2255 Mot. 5.)

Claim Two    Petitioner received ineffective assistance of counsel because Grossman told Petitioner he "would be sentenced to no more time than his wife." (*Id.*)

## II. ANALYSIS

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

3

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In support of these allegations, Petitioner represents on the day of his sentencing his attorneys along with the attorney for his wife entered the undersigned's chambers. Petitioner represents that upon exiting chambers, "Mr. Grossman very excitedly announced that he wasn't going to put on a mitigation defense because Judge Hudson had already told him that they were going to receive a year and a day which was their goal." (Mem. Supp. § 2255 Mot. Catlett Aff. ¶ 13.)[3] "Mr. Grossman also stated that he (Mr. Ellis) would receive no more time than Mrs. Ellis." (*Id.* ¶ 14.)

Petitioner asserts that because of this information the defense did not present mitigating testimony from four additional witness at sentencing. Petitioner represents:

> Each one of these witnesses would have testified that they considered Thomas W. Ellis an honest businessman in his dealings with customers and suppliers despite his conviction for tax fraud. While not condoning his crime in any way, they believed that Mr. Ellis supported charities and did not hesitate to consistently help his friends who were in trouble of any type. They also said that they considered his behavior in this instance anomalous with little likelihood of ever engaging in criminal behavior again.

(Mem. Supp. § 2255 2–3.)

---

[3] The Court notes that Catlett's affidavit is not executed.

Given the gravity and longevity of Petitioner's criminal conduct, there is no reasonable probability that Petitioner would have received a lesser sentence had counsel presented mitigating evidence of the ilk he proffers here. Prior to imposing the sentence, the Court explained that the severity of Petitioner's criminal conduct and the lack of any ameliorating circumstances for that conduct warranted an 18-month sentence:

> This was a 10-year scheme in which you defrauded the IRS of a lot more money than you're being held accountable for here. And this is not a situation where you did it in order to survive. You did it in order to add luxuries to your life at the expense of other people who had to pay the taxes to support the government instead.

(Sent'g Tr. 25.) Accordingly, Petitioner's claims will be dismissed. The § 2255 Motion will be denied. The action will be dismissed.[4]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 19, 2011
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Petitioner has not satisfied this standard, a certificate of appealability will be denied.

5